**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE OSORIO-RENTERIA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 20-71265<br><br>Agency No.<br>A201-275-264<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals
Submitted January 27, 2026**
San Francisco, California

Before: SCHROEDER, FRIEDLAND, and COLLINS, Circuit Judges.

Jose Osorio-Renteria seeks review of the Board of Immigration Appeals'

(BIA) dismissal of his appeal of an Immigration Judge's (IJ) denial of his request

for a continuance of a hearing on his applications for withholding of removal and

Convention Against Torture (CAT) relief. We have jurisdiction pursuant to 8

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252, and we deny the petition for review.

We review the denial of a continuance for abuse of discretion. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). There are no "bright-line rules" for deciding whether a denial of a continuance is an abuse of discretion. *Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988). Rather, the issue "must be resolved on a case by case basis." *Id.* In assessing the denial of a motion for a continuance, we consider several factors, including: "(1) the importance of the evidence, (2) the unreasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008); *see also Ahmed*, 569 F.3d at 1012. The agency need not "expressly address" all of the factors so long as it "sufficiently outline[s] why good cause did not exist." *Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019); *see* 8 C.F.R. § 1003.29.

Here, the agency sufficiently outlined its reasons for denying the continuance and did not abuse its discretion. As the agency reasoned, Osorio-Renteria was appropriately advised of the deadline for filing his documents and was provided more than a year to gather his evidence and prepare to present his claim. Counsel for Osorio-Renteria represented that she was ready to proceed with the hearing, and although Osorio-Renteria argues that additional attorney preparation time could have improved his testimony, the agency is "not required to

grant a continuance based on these speculations." *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011). Because the "decision to grant or deny the continuance is within the sound discretion of the [agency]," we will not overturn its decision here where there is no "showing of clear abuse." *Ahmed*, 569 F.3d at 1012 (internal quotation marks omitted).

**DENIED.**